**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

J.T., and Individual,

*Plaintiff*,

-against-

WYNDHAM HOTEL GROUP, *et al.*,

*Defendants*.

----------------------------------------------------------X

**ORDER**
26-CV-6096 (JMA) (JMW)

**WICKS**, Magistrate Judge:

On November 14, 2026, Plaintiff's counsel filed a letter in response to Defendants' motion for a stay pending resolution of the motion to dismiss (ECF No. 163). Upon a cursory review of that letter brief, it became abundantly clear that the letter brief plagiarizes a judicial opinion without attribution. (*See id.* at 2-4.) The language found on pages two through four of the opposition are quite familiar. Indeed, that language is a cut and paste of the exact language that appears in *Benitez v. U.S. Dep't of Homeland Sec.*, No. 26-CV-02082 (SJB)(JMW), 2026 WL 2935562, at *3 (E.D.N.Y. Sept. 30, 2026), but without any attribution to the source. This conduct is unacceptable and will not be condoned. *See Cassata v. Michael Macrina Architect, P.C.*, 250 N.Y.S.3d 778, 787 (N.Y. Sup. Ct. 2026) (discussing at length an attorney's responsibilities and the unethical issue of plagiarism).

As Judge Thomas J. McAvoy, Sr. of the Northern District aptly put it:

> [t]he grammar, syntax, and style of Plaintiff's brief in the section that addresses Section 740 is much better than the rest of the brief. <u>See</u> Plaintiff's Brief in Opposition, dkt. # 20-14, at 11-13. An on-line search by the Court quickly revealed the reason why counsel's writing improved so dramatically: he plagiarized a large portion of Judge Wexler's decision in <u>Barker v. Peconic Landing at Southhold, Inc.</u>, 885 F.Supp.2d 564 (E.D.N.Y. 2012) (<u>compare</u> Plaintiff's Brief at 11-13 with <u>Barker</u>, 885 F.Supp.2d at 568-69). Passing off another's ideas as one's own is

> unacceptable in a first-year college class, and can lead to failing grade or even expulsion. Doing so while engaged in the professional practice of law is worse, and is both feckless and embarrassing. Such conduct demonstrates a lack of respect for the Court, for the other side in the dispute, and for the sort of diligent effort at research and writing that protects the interests of a lawyer's clients. That conduct may also be a violation of the American Bar Association's Model Rules of Professional Conduct. See ABA Model Rule of Professional Conduct 8.4 (establishing that "It is professional misconduct for a lawyer to: .. (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."). Plaintiff's counsel should do his own work from now on.

*Odom v. Syracuse City Sch. Dist.*, No. 19-CV-835 (TJM)(ATB), 2020 WL 1689879, at *8 n.7 (N.D.N.Y. Apr. 7, 2020) (internal citations not omitted for emphasis).

Accordingly, the Court rejects the letter brief filed at ECF No. 163, the brief is considered stricken, and counsel is forewarned that plagiarism will not be condoned. *See Lohan v. Perez,* 924 F. Supp. 2d 447, 460 (E.D.N.Y. 2013) (imposing sanctions for plagiarism). Filing legal briefs that directly quote language from judicial opinions without attribution is not acceptable. *See United States v. Jackson*, 64 F.3d 1213, 1219 n.2 (8th Cir. 1995) (expressing disapproval of practice of brief writing that tracks and duplicates the language of a court decision without acknowledging source); *United States v. Bowen*, 194 Fed. App'x 393, 402 n.3 (6th Cir. 2006) ("While our legal system stands upon the building blocks of precedent, necessitating some amount of quotation or paraphrasing, citation to authority is absolutely required when language is borrowed. We made it very clear to Mr. Little during oral argument this behavior is completely unacceptable and reiterate it here as an admonishment to all attorneys tempted to 'cut and paste' helpful analysis into their briefs"); *see also* NYC Bar Formal Op. 2018-3 (although copying from a prior judicial opinion is not always "deceptive and therefore a per se violation of Rule 8.4(c)" it may implicate other Rules of Professional Conduct); *see generally* Jeffrey R. Wilson, *Aphorisms on Academic Integrity*, HARVARD UNIVERSITY (last visited on Apr. 30, 2026) https://wilson.fas.harvard.edu/aphorisms/academic-integrity (discussing distinction between

plagiarism and misuse of sources).

## CONCLUSION

For the reasons stated above, the Court rejects the filing at ECF No. 163 and affords counsel the opportunity to refile a revised opposition brief on or before **November 18, 2026, no later than 5:00 pm**.

Dated: Central Islip, New York
November 16, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge